54 CCPA
## Application of William L. ALBRECHT and Morris Mindick.
### Patent Appeal No. 7695.

United States Court of Customs and Patent Appeals.
March 16, 1967.

———◆———

Herbert B. Keil, Richard L. Johnston, Chicago, Ill., for appellants.

Joseph Schimmel, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the final rejection of claims 12–22 in application serial No. 81,474, filed January 9, 1961, entitled "Non Aqueous Silica Sols and Method for Preparing Same."

Silica sols are colloidal dispersions of silica particles in water or an organic medium. In the latter, the sols are useful as thickening agents and as water repellants. The organosols can be prepared by heating an aqueous salt-free silica sol under vacuum and slowly adding an alcohol. When the water has been replaced, the vacuum is removed and at least some of the silanol (SiOH) groups on the surface of the silica particles are esterified with an alcohol.

Appellant's invention requires that the esterification be effected in the presence of hydrogen bonding agents with dipole moments in excess of 3.0 Debye units.

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

These hydrogen bonding agents protect 50–95% of the surface silanol groups from esterification and thereby eliminate precipitation during the critical esterification steps. This improvement makes it possible to convert relatively concentrated aqueous silica sols into non-aqueous sols, i. e., organosols. The resultant non-aqueous silica sols and their method of preparation are claimed. Claims 12 and 18 are illustrative:

12. A non-aqueous silica sol consisting essentially of, as the continuous phase, a water miscible mono-hydric alcohol having a boiling point greater than 50° C., and as the dispersed phase 20–60% by weight of colloidal, discrete dense particles of salt-free silica which have an average particle diameter of 5–150 millimicrons, and a specific surface area of at least $20m^2/g$, which silica particles have from about 50% to about 95% of their surface silanol groups hydrogen bonded by an organic water miscible hydrogen bonding agent and from about 5% to about 50% of their surface silanol groups esterified with the same water miscible alcohol which corresponds to the continuous phase, said hydrogen bonding agent having a dipole moment of at least 3.0 Debye units, and being present in a mol ratio per mol of hydrogen bonded and surface esterified silanol groups of from 10:1 to 1:1.

18. The process of producing a non-aqueous silica sol which comprises the steps of adding an organic water miscible hydrogen bonding agent which has a dipole moment of at least 3.0 Debye units to an aqueous salt-free silica sol containing from 20% to 60% by weight of silica to form a reaction system, with the amount of hydrogen bonding agent being present in a mol ratio per mol of surface silanol groups present in the silica particles of the silica sol of from 10:1 to 1:1, adding under vacuum to the reaction system a water miscible monohydric alcohol in an amount of from 1 to 7 volumes per volume of water present in the aqueous salt-free silica sol, said alcohol having a boiling point greater than 50° C., maintaining said vacuum and heating the reactants under conditions whereby substantially all the water is removed from the reaction system, releasing the vacuum, heating the water miscible alcohol of the formed non-aqueous silica sol containing 20–60% by weight of silica to its reflux temperature at ambient pressure and maintaining said temperature for at least ¼ hour.

The examiner relied on the following references:

Iler    2,974,105    March 7, 1961
Kirk    2,383,653    Aug. 28, 1945

The claims were rejected "as unpatentable over Iler in view of Kirk."

Iler discloses somewhat similar sols and methods of preparation. He utilizes as a stabilizer "an alkali of the class consisting of water-soluble monovalent metal silicates and basic hydroxides of monovalent cations * * *." These apparently impart stability and other desirable properties to the non-aqueous silica sols prepared by Iler's processes. They apparently do not give the stability *during* preparation which permits esterification of concentrated sols. The esterification reactions disclosed are in dilute sols.

Kirk teaches the modification of *silicic acid* sols with hydrogen bonding agents. Among the advantages recited is increased stability:

I have found that when silicic acid is mixed with an organic hydrogen bonding donor compound it exhibits characteristics unexplainable upon the basis of ordinary chemical reaction and unexpected from a consideration of the characteristics of the materials mixed. Apparently silicic acid has an acceptor hydrogen atom and forms some type of compound with a hydrogen bonding donor. Among the characteristics of these silicic acid-hydrogen bonding donor combinations is a decreased tendency to precipitate gelatin and an increase in the time required for the sol to be converted to the gel.

Kirk lists about sixty hydrogen bonding donors.

The question is whether it would have been obvious within the meaning of 35 U.S.C. § 103 to substitute those hydrogen bonding agents of Kirk which have a dipole moment in excess of 3.0 Debye units in the Iler process.

It is agreed by the Patent Office solicitor and appellants that precipitation of silica during the esterification step was an art-recognized problem. It seems to be agreed that this problem persists in the Iler process despite its stabilizers. The only issue before us is whether Kirk's disclosure made obvious appellants' claimed solution of the problem.

The solicitor acknowledges that Kirk's silicic acid sols and Iler's silica sols are different but argues that they are "sufficiently closely related that a person skilled in the art would expect that at least some of Kirk's hydrogen bonding donors would render more stable Iler's organosols * * *." In support of this proposition he points to common generic nomenclature. The solicitor also concedes that the specific purposes for which the hydrogen bonding agents are used are dissimilar. But he urges that each is used for stabilization and that reaction details are, therefore, not controlling. The solicitor further observes that the Patent Office has placed both the Iler and Kirk patents in the same sub-class of the Patent Office classification.

We are not convinced by these arguments. We would suppose that one skilled in the art would be much more interested in similarity of the compounds than in common nomenclature and in similarity of reaction than in common purpose. We do not think that the stabilization with hydrogen bonding agents of one sol by one reaction would lead him to expect stabilization of a *dissimilar* sol by *another* reaction.

Indeed, it appears from the record (and the solicitor's comments at oral argument) that only 11 of the sixty hydrogen bonding agents of Kirk actually effect the necessary stabilization in the Iler process. Only these have been shown to have the requisite dipole moment of at least 3.0 Debye units. The solicitor does not find this determinative, urging that an *experimenter* would soon come upon an agent that was effective, particularly if he tried first the compounds disclosed in Kirk's examples. Essentially the solicitor's position is that one skilled in the art would err in his analysis of the references and presume that *all* Kirk's agents would work and, in the course of experimentation based on this error would stumble upon *some* of the 11 hydrogen bonding agents which do meet appellants' specifications.

As indicated above, we do not think that one skilled in the art would make this error. Nor, even assuming such an error, do we think that a finding of obviousness may be built in this manner upon it. The decision of the board is reversed.

Reversed.

ALMOND, Judge, with whom WORLEY, C. J., joins (dissenting).

I would affirm the decision of the board for the sound reasons stated in its opinion:

The claims stand rejected as unpatentable over Iler in view of Kirk. Iler discloses substantially the same overall method of preparing the silica organosol employing appellants' preferred alcohols but in the absence of a hydrogen bonding donor. However, use of such donor (including appellants' preferred dimethylformamide) to stabilize silica organosols is shown by Kirk. * * * The Examiner held that it would be *obvious* to one skilled in the art to use the hydrogen bonding donors of Kirk in the process of Iler for their known purpose [stabilization of silica sols].

It is our conclusion, after full consideration of appellants' argument, that this rejection is proper and should be sustained. It appears to us that appellants are merely employing the hydrogen bonding donor of Kirk for its known function. * * *

* * * our view is that the problem, i. e., precipitation [of silica gel],

would in any case become apparent on attempts to esterify higher concentrations of the [Iler] silica sol and one would then logically turn to teachings such as Kirk's for stabilization of the silica sol.

\* \* \* in our view of the teachings of the prior art, the inclusion of Kirk's hydrogen bonding donor in preparing the Iler silica organosol is obvious regardless of the concentration of the silica sol to be converted by dehydration and partial esterification.

While the majority attemps to distinguish between silicic acids sols, which Kirk stabilizes with hydrogen bonding donors, and silica sols, which appellants stabilize with the same agents, this distinction appears rather tenuous in light of the well-known fact that silica is merely the anhydrous form of silicic acids, which dissociate readily into silica and water. Kirk, who presumably is one of ordinary skill in this art, uses the terms "silicic acid sols" and "silica sols" interchangeably in his patent. Also, while the majority apparently views the silica sols of Iler and appellants as consisting of pure anhydrous silica, $SiO_2$, this hardly accounts for the presence of hydrogen in the silanol $(SiOH)$ groups on the surface of the "silica" particles, which are allegedly "dissimilar" to hydrated silica.

Kirk discloses about sixty hydrogen bonding donors as stabilizers for his silicic acid sols, of which eleven possess appellants' requisite minimum dipole moment of 3.0 Debye units. It is important to note that appellants do *not* argue that *any* of these agents are inoperable as stabilizers of Kirk's hydrated silica sols. Such an argument would have required appellants to meet the heavy burden of proof demanded of one who would establish inoperability and consequent invalidity of a patent cited as a reference against him. Application of Jacobs, 318 F.2d 743, 50 CCPA 1316.

Yet appellants urge that about fifty of the sixty donors of Kirk "are completely useless and inactive" as stabilizers of their anhydrous silica sols, and those of Iler. If the sixty hydrogen bonding agents of Kirk are all operable stabilizers of *hydrated* silica sols, as we must presume in the absence of clear and convincing proof to the contrary, then it would be reasonable to expect substantially all of these sixty donors to be operable stabilizers of the *anhydrous* silica sols of appellants and Iler. In other words, one would naturally expect that donors having dipole moments greater than, less than, and equal to 3.0 Debye units would be operative stabilizers of silica sols of both the hydrated and anhydrous types.

In seeking to overcome the adverse effect of this natural inference or presumption, appellants have demonstrated, at most, that a *homologue* of *one* hydrogen bonding agent of Kirk (not one which is disclosed in Kirk's twelve working examples) is inoperative as a stabilizer of anhydrous silica sols. I am unwilling to accept this proof as clear and convincing evidence that about *fifty* of Kirk's sixty donors "are completely useless and inactive" as stabilizers of anhydrous silica sols. For all we know, this one agent, which is not even listed by Kirk, may be only an isolated example of a hydrogen bonding agent that stabilizes neither the hydrated silica sols of Kirk nor the anhydrous silica sols of Iler and appellants. If in fact this agent provides merely an isolated instance of inoperativeness, it would be unreasonable to regard it as conclusive proof that hydrogen bonding agents having dipole moments of less than 3.0 Debye units are, *as a class*, inoperable as stabilizers of either hydrated or anhydrous silica sols. Since appellants have failed to demonstrate that a single one of Kirk's sixty donors is inoperative as a stabilizer of anhydrous silica sols, I would affirm the decision below.